IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) WHEELER TRUCKING, d/b/a WHEELER ) TRUCKING, INC. and WHEELER ) LOGISTICS, INC., ) ) Defendants. ) ) | CIVIL ACTION NO. 1:23-cv-01874<br><br>HONORABLE CHARLES E. FLEMING |

## CONSENT DECREE

### I. RECITALS

1.      This action was instituted by the United States Equal Employment Opportunity Commission (EEOC or the Commission), a federal agency, against Wheeler Trucking, d/b/a Wheeler Trucking, Inc. and Wheeler Logistics, Inc. (Defendants or Wheeler).  In this action, EEOC alleges that Defendants violated Title VII of the Civil Rights Act of 1964 (Title VII), as amended, when they discriminated against Charles R. Lynch, III ("Charging Party") because of race and/or religion and when they retaliated against him because he engaged in protected activity.  The Defendants have denied, defended, and disputed the allegations and claims contained in the EEOC Charge filed by the Charging Party, EEOC Charge No. 532-2021-00881, and this action.

2.      The parties to this Consent Decree are the Plaintiff, the EEOC, and Defendants, Wheeler Trucking d/b/a Wheeler Trucking, Inc. and Wheeler Logistics, Inc.

1

Consent Decree
*EEOC v. Wheeler Trucking, et al.*

3. The parties agree to resolve this action by entry of this Decree, and in doing so they agree to the jurisdiction of this Court over the parties and the subject matter of this action and to the power of the Court to enter a Decree enforceable against Defendants.

4. Defendants and their officers, agents, employees, successors, and all other persons who act in concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

5. All terms agreed to as a condition of resolving the above-captioned action and the claims that EEOC filed against Defendants in this action are set forth in this Decree, and there shall be no other instrument or agreement setting forth any terms that must be satisfied as a condition of resolving such claims.

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

6. The parties stipulate to the jurisdiction of this Court over the parties and subject matter of this action.

7. The Court shall retain jurisdiction of this action for the duration of the Decree to enter all orders, judgments, and decrees which may be necessary to implement its terms and the relief provided.

8. The duration of this Decree shall be eighteen (18) months from the date the Court signs the Decree.

9. The terms of this Decree shall apply to all sites, locations, offices, and other places where Defendants maintain business operations and all such places where any persons perform

work for any of the Defendants or perform work pursuant to a contract between any of the Defendants and any third party.

10. This Decree resolves all claims that were filed by EEOC in the above-captioned action, as set forth in the Complaint filed by the EEOC in this action.

11. The Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## II. MONETARY RELIEF

12. In accordance with this Decree, and in full settlement of the monetary claims asserted by EEOC in this action, Defendants agree to pay the gross monetary relief of $65,000 consisting of $40,000 in backpay (less applicable taxes and withholdings) and $25,000 in compensatory damages for emotional distress.

13. Within thirty (30) days of the Court signing this Decree, Defendants shall pay Charging Party the total monetary relief referenced above in Paragraph 12, by mailing payments to him using an address and method of delivery provided by EEOC.

14. Defendants shall issue appropriate IRS Forms and make necessary withholdings from payments made pursuant to this Decree, except that the payment of $25,000 designated as compensatory damages for emotional distress shall be reported on IRS Form 1099 and Defendants shall make no withholdings from such payment. The portion of the monetary relief described above consisting of backpay in the amount of $40,000 shall be reported on an IRS Form W-2 and Defendants shall deduct from the backpay applicable withholdings and payroll taxes consistent

with regulation and law. Defendants shall issue all IRS Forms and shall send them directly to Charles R. Lynch, III no later than fourteen (14) days from the date the payment was mailed, using an address provided by EEOC and in a method and manner identified by the Commission.

15. Defendants shall also provide the following information for the purpose of compliance with Section 162(f) of the Internal Revenue Code (26 U.S.C. § 162(f)), if applicable, to EEOC within ten (10) days of issuing payments to Mr. Lynch:

    a.    The name of the individual who should receive the copy of IRS Form 1098-F if the EEOC is required to issue one; and

    b.    The physical address of the individual who should receive the copy of IRS Form 1098-F if the EEOC is required to issue one.

16. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code, nor does this Decree address such qualification.

17. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

18. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

19. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

20. Within three (3) business days after payments are sent to Charles R. Lynch, III, Defendants shall submit to EEOC a copy of the checks issued to Mr. Lynch. Within three (3) business days of issuing the IRS Forms referenced above, Defendants shall also submit copies of the Forms to EEOC.

21. Defendants will not condition the resolution of this matter on any agreement to keep confidential the terms of this Decree, including monetary relief paid to Charles R. Lynch, III; the facts of this case or any other fact or issue related to this matter; any waiver or release by Mr. Lynch or anyone else of any claim, right, or benefit other than the claims that EEOC filed on Mr. Lynch's behalf in this litigation; or otherwise condition the resolution of this matter on any terms that are not set forth in this Decree.

### III. INJUNCTIVE RELIEF

22. Defendants, their officers, directors, agents, employees, successors in interest, assigns, and all persons in active concert or participation with them on or on their behalf are enjoined and restrained from engaging in discrimination and retaliation, in violation of Title VII.

23. Defendants, their officers, directors, agents, employees, successors in interest, assigns, and all persons in active concert or participation with them on or on their behalf are enjoined and restrained from discriminating based on race and from discriminating based on religion, including but not limited to failing to provide accommodations.

### POLICIES AND PROCEDURES

24. Defendants shall maintain a policy that explains, defines, and prohibits discrimination and retaliation. The policy shall be drafted in plain and simple language.

Defendants shall ensure that the policy against discrimination and retaliation meets the following minimum criteria:

    a.    explains federal prohibitions on race and religious discrimination under Title VII, including prohibitions against disparate treatment, harassment, and discrimination;

    b.    explains federal prohibitions on retaliation under Title VII;

    c.    states that Defendants: (1) prohibit discrimination against employees on the bases of race and religion; and (2) prohibit retaliation;

    e.    explains employees' and applicants' rights and employers' responsibilities under Title VII;

    f.    provides a description of the process for making an internal complaint regarding discrimination and retaliation issues, including: (i) each step in the complaint process; (ii) the individual/s to whom complaint/s are to be made to; (iii) a statement encouraging employees to bring a complaint or request for accommodation as soon as practicable; (iv) the time periods for investigating and resolving the complaint/s; and (v) the steps to be taken during the investigation and resolution process;

    g.    requires that any manager or supervisor who receives a religious accommodation request, whether formal or informal, written or verbal, or who becomes aware of the potential need for an accommodation, shall report such matters to the human resources department and/or owners of Defendants within five (5) business days, absent exigent circumstances;

    h.    requires Defendants to advise the applicants and employees in writing of all decisions regarding religious accommodations which shall include an explanation why the decisions were made, the nature of any accommodation/s granted and, if for any reason any accommodation/s request is denied, the reasons for the denial of the accommodation/s and an opportunity to appeal the denial; and

    i.    ensures that Defendants will take immediate and appropriate remedial action when they determine that discrimination or retaliation has occurred.

25.    Defendants shall distribute copies of Defendants' policies against discrimination and retaliation to all workers, including contractors, within thirty (30) days after entry of this Decree. Defendants shall distribute a copy of their policies against retaliation and discrimination to each subsequently hired temporary or permanent worker, including contractors, on the worker's first day of work.

## **RECORDS AND RETENTION**

26.    Regarding each charge, complaint, or report (whether written or unwritten, formal, or informal, including those submitted anonymously) and each investigation of potential or alleged race discrimination, religious discrimination, alleged denial of a religious accommodation, or retaliation made during the term of this Decree, Defendants shall compile a file which shall contain the following:

    a.    the full name, home address, home telephone number and cell phone number, department, job title, and date of birth of each complainant, potential victim, witness, and other person allegedly involved;

b. the date of the allegation, charge, compliant, or report;

c. the date/s on which the incident/s allegedly occurred;

d. the specific allegations that were made;

e. the complete substance of any statements made by each complainant, potential victim, witness, and others allegedly involved;

f. a detailed description of all actions taken in response to the allegation, complaint, or report, and any resolution reached, or correction action taken in response; and

g. a detailed description of Defendants' conclusions regarding the allegation, charge, complaint, or report, and any resolution reached, or correction action taken in response.

Defendants shall also retain with the file any other documents created or obtained in relation to a charge, complaint, or report, or investigation, including but not limited affidavits, witness statements, interview notes, summaries, and electronic communications.  Defendants shall retain all such records for the duration of this Decree.

27. For the duration of this Decree, Defendants shall retain all personnel, payroll, and other employment documents concerning any person who submitted an allegation, charge, complaint, or report described in Paragraph 26, and concerning any former or current employee who was interviewed or identified as a witness or potential witness.

28. For the duration of this Decree, Defendants shall keep the following information about all persons who performed work for Defendants:

a. full name;

    b.    Social Security number;

    c.    employee identification number, if applicable;

    d.    last known address;

    e.    last known telephone number/s;

    f.    last known e-mail address/es;

    g.    date of birth;

    h.    race identification or identifier/s, to the extent known or provided;

    i.    date of hire;

    j.    position/s held;

    k.    location/s where each person performed work;

    l.    whether any religious accommodation was sought and, if so, the outcome; and

    m.    date of separation, if applicable.

## REPORTING AND MONITORING

29.  On a monthly basis beginning ninety (90) days from the date the Court signs the Decree, and continuing for the duration of the Decree, Defendants shall submit written notification to the Commission regarding all matters described in Paragraphs 26-28.  With the notification, Defendants must also produce to the EEOC all documents described in those Paragraphs (e.g. documents created or obtained in relation to a charge, complaint, or report, or investigation, including but not limited affidavits, witness statements, interview notes, summaries, and electronic communications; and all personnel, payroll, and other employment documents concerning any person who submitted an allegation, charge, complaint, or report described in Paragraph 26, and

concerning any former or current employee who was interviewed or identified as a witness or potential witness).

30. Defendants shall submit all additional electronic records, documents, or information that EEOC requests and deems necessary to monitor Defendants' compliance with the Decree terms. Such material shall be provided to the EEOC no later than fifteen (15) days after the Commission requests it, absent exigent circumstances.

31. Defendants shall permit EEOC access to Defendants' premises and records and permit interviews of their workers by EEOC upon EEOC's request.

## SUBMISSION OF RECORDS, REPORTS, AND NOTICES

32. All records, reports, and notifications required to be created or maintained under this Decree to EEOC shall be verified by the Human Resources department to be true to the best of their knowledge and belief before they are produced to EEOC. They shall be sent by electronic mail and hard copies, if requested, to Taylor Hilton, Trial Attorney, U.S. Equal Employment Opportunity Commission, Cleveland Field Office, 1240 E. 9th St., Suite 3001, Cleveland, OH 44199.

## TRAINING

33. Defendants shall provide notice to all non-supervisory workers at each of Defendants' locations that they are required to attend training, live, via video, or by recording, regarding discrimination and retaliation made unlawful by Title VII, including but not limited to issues involving religious accommodations, the penalties for engaging in prohibited conduct, and the content and requirements of this Decree, and such training shall be for a period of not less than

one (1) hour. The trainings may be provided in more than one module or training session, to the extent necessary to complete the trainings required by this Paragraph. The trainings shall be provided within ninety (90) days of entry of this Decree and annually thereafter for the duration of this Decree. For all newly hired non-supervisory workers, the notice requiring training shall be provided within thirty (30) days of their first day of work.

34. Defendants shall provide to all supervisors, managers, human resources personnel, employee, and labor relations personnel, recruiting personnel, and any other workers with management or supervisory duties not less than one (1) hour of live training regarding discrimination and retaliation made unlawful by Title VII. The live trainings may be provided in more than one module or training session, to the extent necessary to complete the training required by this Paragraph. The training shall include a component aimed at reducing religious intolerance in the workplace and protecting those requesting religious accommodations from harassment, degrading conduct, and discrimination. This training shall be provided within forty-five (45) days of entry of this Decree, annually thereafter for the duration of this Decree, and within thirty (30) days of the first workday for all persons identified in this Paragraph.

35. All training described above shall be provided by a third-party trainer to whom EEOC agrees and whom Defendants shall retain at Defendants' own expense.

36. No later than ten (10) days after each training session described above, Defendants shall submit to EEOC a list of the names, job title, and work location of the attendees of such training sessions with copies of all written materials (including power point presentations or other

material displayed) that were provided to attendees as part of the training, whether before, during, or after the training sessions.

## POSTING

37. Within thirty (30) days of the date the Court signs this Decree, Defendants shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each location where Defendants conduct business and at all places where employee notices are posted. The Notice shall remain posted for the duration of the Decree. Each Notice shall be typed legibly using font size 12 Times New Roman. If multiple pages are used for the Notice, they shall not be displayed one page behind the other but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendants shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law. In the event that any of the aforementioned notices becomes defaced, marred, or otherwise made unreadable, Defendants shall immediately post a readable copy thereof.

38. Within five (5) days of posting the Notices, Defendants shall send EEOC a copy of the signed Notice, written certification that it has been posted, and a description of where the Notices are posted. Defendants shall permit a representative of the EEOC to enter its premises and inspect the Notice if EEOC so requests.

## IV. DISPUTE RESOLUTION AND COMPLIANCE REVIEW

39. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree.

40. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Northern District of Ohio.

41. The terms of this Decree shall be binding upon Defendants; all present and future parents of Defendants; all present and future subsidiaries of Defendants; and all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendants. Defendants, and any successor/s of Defendants shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition, merger, or transaction. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

42. This Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendants and EEOC and approved by the Court.

43. If any provision/s of this Decree are found to be unlawful, only such provision/s shall be severed, and the remainder of the Decree shall remain in full force and effect.

44. When this Decree requires a certification by Defendants of any fact/s, such certification shall be made under oath or penalty of perjury by one or more officers or management employees of Defendants.

45. With respect to matters outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission regarding any matter over which the EEOC has authority.

46. Each party shall be responsible for and shall pay its own costs and attorney's fees.

**IT IS AGREED:**

/s/Debra Lawrence
DEBRA LAWRENCE
Regional Attorney
EEOC Philadelphia District Office

/s/Kate Northrup
KATE NORTHRUP
Assistant Regional Attorney
EEOC Philadelphia District Office/
Baltimore Field Office

/s/Taylor Hilton
TAYLOR HILTON
Trial Attorney
MI. Bar No. P84560
United States Equal Employment
Opportunity Commission
1240 E. 9th St., Ste. 3001
Cleveland, OH 44199
Tel. (216) 334-6424
taylor.hilton@eeoc.gov

/s/Clifford L. Hammond
CLIFFORD L. HAMMOND
Foster Swift Collins & Smith PC
313 S. Washington Square
Lansing, MI 48933
Tel. (517) 371-8100
chammond@fosterswift.com

_____
WHEELER TRUCKING, INC.

_____
WHEELER LOGISTICS, INC.

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE
CHARLES E. FLEMING

14

Consent Decree
*EEOC v. Wheeler Trucking, et al.*

EXHIBIT A

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to the Consent Decree entered by the Court in the matter of *EEOC v. Wheeler Trucking, d/b/a, Wheeler Trucking, Inc. and Wheeler Logistics, Inc., Civil Action No.* 1:23-cv-01874 in the U.S. District Court for the Northern District of Ohio. In that lawsuit, the EEOC alleged that Wheeler Trucking discriminated against an employee because of race and/or religion.

A Consent Decree was entered to resolve the case. The Decree provides, among other things, that Wheeler Trucking is enjoined from discriminating against employees because of race and/or religion.

EEOC enforces the federal laws against discrimination in employment because of disability, sex, race, color, religion, national origin, age, or genetic information. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact EEOC and report that discrimination or retaliation.

You may reach the EEOC Trial Attorney who handled this matter at taylor.hilton@eeoc.gov, or you may reach EEOC at (800) 669-4000, TTY for the hearing impaired at (800) 669-6920, or info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive, investigate, or litigate discrimination complaints.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for eighteen (18) months from the date below and must not be altered, defaced, or covered by any other material.**

_____
**WHEELER TRUCKING, INC.**
**WHEELER LOGISTICS, INC.**

15

Consent Decree
*EEOC v. Wheeler Trucking, et al.*